### No. 771
### DEMARCUS v. CHESAPEAKE & OHIO RY. CO.

Ohio Appeals, 1st Dist., Hamilton Co.

Nos. 2543 to 2545. Decided Feb. 9, 1925

1065. SERVICE—In order to properly serve a non-resident defendant a valid joint cause of action must exist against a resident defendant.

27. ACTION—Where for money only, statute of limitations cannot be evaded by interposing statement that fraud and collusion took place.

BUCHWALTER, J.

These error proceedings arose out of an ac-

tion for damages brought in the Hamilton Common Pleas by David Demarcus against the Chesapeake & Ohio Railway Co.; some of the defendants resided in Kentucky and some in Cuyahoga County, the only defendant in Hamilton County being said Railway Co.

The Railway Co. filed a demurrer to the amended petition of Demarcus which was sustained, and the petition dismissed. Error proceedings under No. 2543 were brought to reverse this judgment. Defendants in Kentucky filed a motion to set aside and quash summons and service thereon, for the reason that service was had without the state of Ohio. Error is prosecuted to this in case No. 2545. Defendants in Cuyahoga County filed a similar motion on the ground that no cause of action was stated against the Railway Co.; the only defendant served in Hamilton County. This is taken up under No. 2544.

It was alleged by Demarcus that certain of the defendants in the Brotherhood of Locomotive Engineers made slanderous remarks for the purpose of injuring his reputation and procuring his discharge as an engineer; and that he was discharged by the Railway Co. in 1903. The demurrer set out that the action was barred by the statute of limitations. Demarcus averred that while "realizing that he had been unjustly treated by the Railway Co. and the Brotherhood, it was within the last four years that he discovered the great and terrible wrong, fraud, collusion and conspiracy perpetrated against him."

The Court of Appeals held:

1. It was not averred that the Railway Co. did not have the right to discharge him in 1903, and under rule in Railway Co. v. Schaffer, 65 OS. 414, no cause of action was stated against the said Railway Co.

2. This action is not an action for fraud and the statute of limitations cannot be evaded by attempting to inject the statement that there was collusion and fraud between the members of the Brotherhood and the Railway Co. in securing the discharge. The demurrer on this ground was properly sustained.

3. The action being one for money only, service was attempted to be had under 11297 and 11292 GC. This cause not being one of those mentioned in 11292 GC. service in Kentucky was improper and motion to quash was properly sustained.

4. Under 11282 GC. when an action is rightfully brought in any county, summons may be issued to any other county against one or more of the defendants. Under this section Demarcus could not secure service in Cuyahoga County, because no action was properly brought against the defendant in Hamilton County.

5. "In order to give court jurisdiction over joint defendants who are non-residents of county where suit is brought and for whom summons has been issued to another county, averments of the petition and proof on trial must show that plaintiff has a valid joint cause of action against defendants on whom valid service is had as well as against non-residents defendant. Gory v. Block, 100 OS. 73.

6. No cause of action having been stated against the defendant in Hamilton County, the motion to quash as to those served in Cuyahoga County was properly sustained. Judgment of Common Pleas affirmed.

Attorneys—T. V. Maxedon for Demarcus; Galvin & Galvin, & Jackson & Woodward for Company; all of Cincinnati.